[707 NYS2d 120]

In the Matter of ANTHONY "TOOTS" LABELLA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 20, 2000

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

The petition contains eight charges of professional misconduct against the respondent. In his answer, the respondent generally denied the charges. After a hearing, the Special Referee sustained all eight charges against the respondent. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has not submitted any papers in opposition or in response thereto. Charges Three through Eight were properly sustained by the Special Referee.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]):

The complainant's son was charged with child molestation involving his stepdaughters in the State of Indiana in August 1996. He fled to New York where his parents resided.

On or about September 19, 1996, the complainant, his wife, and their son, met with the respondent. The respondent advised them that he was not admitted to the practice of law in the State of Indiana. He also advised them that, if he could not retain local counsel, he would seek admission in Indiana pro hac vice. A retainer agreement was signed, and the respondent was subsequently paid $1,000.

On or about October 10, 1996, the complainant's son was arrested in New York and later extradited to Indiana. On or about October 16, 1996, the respondent flew to Indiana with a private investigator to investigate the matter. The respondent billed the complainant's son $2,800 for "case research and preparation".

The respondent later advised the complainant that he had spoken with an Indiana attorney, Gary W. Sorge, but that his services were not retained. A court date was set for January 6, 1997.

On or about December 13, 1996, the complainant telephoned the respondent. The respondent stated that he would telephone Mr. Sorge and thereafter telephone the complainant. Between December 13, 1996 and January 3, 1997, when the complainant left for Indiana, he telephoned the respondent's office on approximately three occasions to discuss his son's case with the respondent. The respondent failed to return his calls.

On January 6, 1997, the complainant was in court in Indiana with his son. Although he expected the respondent to be present based on their previous conversations, the respondent

failed to appear in court to represent his son. Moreover, the respondent failed to arrange for local counsel to appear. The Judge set the next court date for July 7, 1997.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]):

The respondent represented a defendant in a child molestation case. The defendant was indicted in or about 1996 by a Sullivan County Grand Jury and charged with more than 200 sex crimes involving his daughters.

On or about March 24, 1997, a judicial subpoena duces tecum was signed, at the respondent's request, by the Honorable Burton Ledina of Sullivan County. The subpoena required the production of certain records maintained by the Sullivan County Sheriff's Department.

The respondent caused the subpoena duces tecum to be presented without the required motion on one day's notice to the People and to the Sheriff, in violation of CPL 610.20 and CPLR 2307.

Charge Five alleged that, based on the factual allegations contained in Charge Four, the respondent engaged in conduct that was prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Six alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]):

The aforementioned subpoena duces tecum was subsequently delivered to the Sullivan County Sheriff's Department. CPLR 2306 and CPL 610.25 require that the person or agency served with the subpoena duces tecum produce the subpoenaed material to the court or its clerk. The subpoenaed material, however, was delivered by the Sheriff's Department to the respondent, who claimed to be acting under the authority of the subpoena. Instead of immediately returning the material to the court, the respondent kept it for a number of days, returning it to the court only after a demand was made.

Charge Seven alleged that, based on the factual allegations contained in Charge Six, the respondent engaged in conduct that was prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Eight alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]):

The respondent was admitted to the practice of law pro hac vice in the Pike County Court of Common Pleas, 60th Judicial District in Milford, Pennsylvania, and appeared for the plaintiff in a child custody matter. When the matter came before a mediator on July 31, 1996, the respondent was present with his client, but the defendant failed to appear. The plaintiff advised the mediator that the parties had reached an agreement. The respondent was to submit a proposed stipulation, but failed to send it to the mediator. Moreover, the respondent failed to respond to repeated attempts to contact him by mail and by telephone.

Charges Three through Eight are supported by the evidence adduced by the Grievance Committee and the respondent's admissions. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted insofar as Charges Three through Eight are sustained, and it is otherwise denied.

The respondent's prior disciplinary history consists of three letters of caution and a five-year suspension.

Under the totality of the circumstances, respondent is disbarred, effective immediately, for his professional misconduct.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted insofar as Charges Three through Eight are sustained, and it is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Anthony "Toots" LaBella, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony "Toots" LaBella is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) ap-

pearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney, and counselor-at-law.